David L. Glickman, J.
Petitioner, under indictment for murder in the first degree, and presently confined to the Suffolk County Jail awaiting trial, has requested of the Warden of the jail and of the Sheriff of Suffolk County that he be permitted to receive certain daily newspapers. This request having been refused, petitioner now applies, under article 78 of the Civil Practice Act for an order directed to the respondents, the said Warden and Sheriff, respectively, to compel compliance with petitioner’s request. Petitioner contends that the actions of the respondents in refusing access to said newspaper publications is violative of his constitutional rights. Although the petition is not properly verified in accordance with the required practice, the court will entertain and consider the application in its present form in view of the fact that this proceeding is brought by petitioner in person and without representation by counsel.
It appears from the answer and memorandum interposed by respondents that the restriction imposed upon inmates of the Suffolk County Jail depriving them of access to newspaper publications is a regulation of long standing and is applied *1040 indiscriminately to all such inmates. Eespondents urge that such restriction is founded upon experiences which have established that free access to newspapers results in disruptive effects upon the prisoners, particularly when news articles of crimes, police activities and accounts pertaining to the case of an inmate are published. This is clearly within the regulatory powers of the Warden and Sheriff who are charged with the responsibility of operating the jail in a safe, secure, and orderly manner. The court finds nothing unconstitutional in the imposition and enforcement of such a regulation. While it is true that petitioner’s status is now that of an accused rather than one who has been convicted, the fact remains that by virtue of the applicable law;, he is required to be confined in jail and is, therefore, subject to the rules and regulations that the jail authorities have found it necessary to promulgate for the proper functioning of that institution.
Petitioner argues that prisoners admitted to bail are then free to read any newspaper of their choice, and that, therefore, confined prisoners should have the same rights. This contention is without weight. Prisoners who furnish bail are no longer subject to the control of the jail authorities whose jurisdiction over such prisoners has terminated. On the other hand, inmates of the jail of necessity must be subject to the proper regulations of the Sheriff and the Warden if orderly procedures are to obtain.
The court will not substitute its judgment for that of the public officials who are charged with the duty of administering the affairs of the jail unless clearly there has been an unreasonable or unwarranted exercise of that power. The court finds the regulation in question to be reasonable and within the purview of the powers and authority vested by law in the respondents. Accordingly, the petition is dismissed.